# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| ENERGY TRANSFER LP and its subsidiary and employing entity LA GRANGE ACQUISITION, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in their official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Civil Action No. 3:24-cv-00198 |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Defendants' attempt to defend against Plaintiffs' claims by removing the word "consequential" from their demand and amending the underlying administrative complaint hours before the preliminary injunction hearing is unavailing. Plaintiffs suffer a here-and-now injury warranting immediate preliminary injunctive relief. Without this relief, Plaintiffs will be subject to an unconstitutional NLRB proceeding in just 15 days. Severing statutory language will be of no help to Plaintiffs' immediate injuries.

## ARGUMENT

**A. Defendants Recently Argued and Lost Similar Positions They Took in Their Response.**

Just last week—in a nearly identical matter to this one—the Honorable Alan Albright of the Western District of Texas granted a preliminary injunction halting NLRB administrative proceedings pending resolution of a complaint against the NLRB. On April 19, 2024, Space Exploration Technologies Corp. ("SpaceX") filed a Complaint in the Western District of Texas requesting injunctive and declaratory relief against the National Labor Relations Board (NLRB), the NLRB's Members, NLRB General Counsel Jennifer Abruzzo, and an unnamed Administrative Law Judge for carrying on an unconstitutional administrative proceeding. *Space Exploration Technologies Corp., v. NLRB*, Case No. 6:24-cv- 00203, Docket No. 1 (W.D. Tex. Apr. 19, 2024).

On April 25, 2024, SpaceX filed a preliminary injunction seeking a stay of the underlying unfair labor practice administrative proceedings until the Complaint could be resolved. *Id.* at Docket No. 11. Specifically, SpaceX asserted that a preliminary injunction should be granted because it was likely to succeed on its constitutional claims that administrative law judges and NLRB Board members are unconstitutionally insulated from removal; it would suffer irreparable harm; and the balance of harms and public interest fall in its favor. *Id.* On July 10, 2024, the parties had a hearing on SpaceX's motion for preliminary injunction. *Id.* at Docket No. 41. At the conclusion of the hearing, Judge Albright granted SpaceX's preliminary injunction, stating that a decision would be forthcoming. *Id.* Judge Albright has yet to issue a written decision.

### B. Removing the Word "Consequential" from the Complaint Does Not Make the Remedies Sought Any Less "Consequential" in Nature.

In their Opposition, Defendants claimed Region 16 intended to amend the underlying administrative compliant, but Region 16 did not communicate this to La Grange at any time prior to filing the Opposition. In footnotes 4 and 11, Defendants explain, "The Region has indicated that it plans to issue an amendment to the complaint removing the reference to consequential damages and will only seek to make the Charging Party whole for any direct or foreseeable pecuniary harms," citing to *Thryv, Inc.*, 372 NLRB No. 22 (2022). Defendants' Opposition ("Opp."), n. 4. Defendants again explain, "Although La Grange notes that the ULP complaint currently includes a request for 'consequential damages' resulting from La Grange's alleged unlawful misconduct…Region 16 will be issuing an amendment to the administrative complaint to remove that reference." Opp., n. 11. This is the first La Grange heard of this amendment. *Region 16 made zero indication to La Grange that it intended to amend or considered amending the Complaint*. Then, yesterday, Region 16 filed an Amended Complaint deleting "and all reasonable consequential damages" from the Original Complaint. (*See* **Exhibit A**, Amendment to Complaint).

Regardless, removing the word "consequential" from the administrative complaint does not make the remedies sought any less consequential in nature. Just as the Board did in *Thryv, Inc.*, Defendants made an explicit attempt to distance themselves from the word "consequential." *Thryv, Inc.*, 372 NLRB No. 22 at *9 (Dec. 13, 2022). It is well-established that the Region intends to seek consequential damages. In fact, Defendant Jennifer Abruzzo

3

categorized these alleged "new make-whole" remedies as "an award of **consequential damages**…suffered as a direct and foreseeable result of an employer's unfair labor practice." General Counsel Memorandum 21-06, *Seeking Full Remedies* (Sept. 8, 2021) (emphasis added). Abruzzo specifically categorizes the "loss of a home…by an unlawfully fired employee because of inability to keep up with loan payments," as a "consequential damage[] to make employees whole for economic losses." General Counsel Memorandum 21-07, *Full Remedies in Settlement Agreements* (Sept. 15, 2021). In the underlying administrative hearing, the Region made clear it is seeking damages to compensate the Charging Party for having to sell his home. Complaint, Doc. No. 1, ¶ 16. Whether Defendants would like to call the remedies they seek "consequential," "direct or foreseeable pecuniary harms," either, or both— these remedies seek a determination of monetary "liability of one individual to another under the law," which is a matter "of private right." *Stern v. Marshall*, 564 U.S. 462, 489 (2011); *see also Thryv, Inc., v. NLRB*, Case No. 23-60132 at *9 (5th Cir. May 24, 2024)) (referring to remedies requiring "[l]osses incurred as a direct or foreseeable result of" the alleged unlawful action as "novel, consequential-damages-like labor law remed[ies].").

### C. The Court has Jurisdiction to Hear Plaintiff's Motion

Defendants entirely misread *Axon Enterprise Inc. v. FTC*, 598 U.S. 175 (2023) to conclude this Court does not have jurisdiction to hear Plaintiffs' preliminary injunction. The Supreme Court in *Axon* held, "[t]he statutory review schemes set out in the Securities Exchange Act and Federal Trade Commission Act do not displace a district court's federal-question jurisdiction over claims challenging as unconstitutional the structure of the

existence of the SEC or the FTC." 598 U.S. at 179. The same applies to the National Labor Relations Act. Defendants nonsensically argue La Grange's claims regarding deprivation of its Seventh Amendment right to a jury trial fail the three factor test set forth in *Axon*.

Under *Axon*, in order to exercise jurisdiction, a court must evaluate: (1) could precluding jurisdiction in this Court "foreclose all meaningful judicial review of the claim;" (2) whether the claim is "wholly collateral to the statute's review provisions;" and (3) whether the claim is "outside the agency's expertise." *Id.* at 186 (internal citations omitted). "When the answer to all three questions is yes, we presume that Congress does not intent to limit jurisdiction." *Id.* (citing *Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010) (internal citations omitted). The answer to all three questions in La Grange's case is "yes."

First, failing to consider the Seventh Amendment claim now would deprive La Grange of meaningful judicial review. Defendants conveniently ignored the Supreme Court's conclusion in *Axon* that "being subjected to unconstitutional agency authority—a proceeding by an unaccountable ALJ" is *itself* a "here-and-now injury." *Id.* at 192. While "[t]hat harm may sound a bit abstract," the Supreme Court has made clear that this injury is one "that is impossible to remedy once the proceeding is over" making it a "here-and-now injury." *Id.* (citing *Seila Law LLC v. CFPB*, 591 U.S. 197, 204 (2020)). La Grange challenges the NLRB's entire structure, not a limited statutory challenge to the NLRB's remedies. The right to a jury is a fundamental right. "The right to trial by jury is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right has always been and should be scrutinized with the utmost care."

5

*SEC v. Jarkesy*, 144 S. Ct. 2117 at *2128 (Jun. 27, 2024) (quoting *Dimick v. Scheidt*, 293 U.S. 474, 486 (1935). Explaining this fundamental right, the Federal Rules of Civil Procedure read, "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). There is no prerequisite to the rule requiring consequential damages granted first before the right to a jury trial attaches. The question is not whether the damages will be ordered, the question is who should decide what damages the Charging Party should receive. *See Dimick*, 293 U.S. at 486. Without a preliminary injunction, La Grange will be subject to an unconstitutional proceeding—a fate no court can remedy.

The Supreme Court in *Jarkesy* recognized this important right to a jury when dealing with private relief. *Jarkesy* is clear that where remedies arise that are "legal in nature," those remedies are a matter of "private rather than public right," and must be resolved in an Article III court. *Id.* at 2130, 2136. "If a suit is in the nature of an action at common law, then the matter presumptively concerns private rights, and adjudication by an Article III court is mandatory." *Id.* at 2132 (citing Stern *v. Marshall*, 564 U.S. 462, 484 (2011)). In that same vein, the Supreme Court has "repeatedly explained that matters concerning private rights may not be removed from Article III courts." *Id.* In fact, "if the action resembles a traditional legal claim, its statutory origins are not dispositive." *Id.* at 2136.

As La Grange argues *infra*, the damages Region 16 seeks are in fact traditional legal relief. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Whether the consequential damages stem from the NLRA itself is "not dispositive." *Jarkesy*, 114 S. Ct. at 2136. The loss of La Grange's fundamental right to a jury is a "here-and-now injury" warranting

6

immediate relief. *Axon*, 598 U.S. at 192; *see also Burgess v. FDIC*, 639 F.Supp.3d 732, 749 (N.D. Tex. 2022) (granting plaintiff's motion for a preliminary injunction because losing the right to a jury trial is considered irreparable harm); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (the deprivation of a constitutional right "unquestionably constitutes irreparable injury).

The second *Axon* factor asks whether La Grange's claim is wholly collateral to the NLRB's proceedings. The answer here must be an unequivocal yes. La Grange is challenging the power of the Board "to proceed at all" with the underlying administrative hearing because it has offered no jury trial right or Article III decisionmaker. *Axon*, 598 U.S. at 192. Whether the Board can "proceed" is not only collateral, it is the *entire* issue.

Third and finally, ordering consequential remedies is outside the agency's expertise, particularly considering the Supreme Court already mandated juries to decide questions of legal relief. *Id.* at 2132. The Board knows "nothing special about the [Seventh Amendment]." *Id.* at 194. Defendants argue "the Board's power to fashion remedies under Section 10(c) has long been recognized by the Supreme Court as a core area of Board expertise." Opp. p. 19. But we are not dealing with statutorily authorized remedies here. We are looking to analyze consequential damages falling outside what the statue permits. The Board has no particular expertise to assess consequential damages. Indeed, the Supreme Court noted in *Axon*, "agency adjudications are generally ill suited to address structural constitutional challenges." *Axon*, 598 U.S. at 195 (quoting *Carr v. Saul*, 593 U.S. 83, 92 (2021)).

### D. Severance Will Not Resolve the Threats Against La Grange and it is Entitled to Preliminary Injunctive Relief

Severability will not resolve Plaintiff's need for a preliminary injunction now. Defendants' argument that "severing statutory removal restrictions found unconstitutional would remedy the alleged violations" presumes this court will eventually declare ALJs and Board Members to be unconstitutionally insulated from removal. Opp. p. 11. While La Grange argues for and certainly believes that will be the outcome, the Court has not yet made that determination. Even Defendants admit that the Court has not made this "final judgment." Opp. p. 11. "[P]rior to final judgment there is not established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) ("Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned."); *Miss. Power & Light Co., v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985) ("The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.").

This matter will not be resolved for quite some time, and in the meantime, the underlying administrative proceeding is set for hearing in just 15 days. If La Grange is forced to go to the hearing and present its case, it will have been subject to unconstitutional proceedings; undergoing the proceeding is harm on its own. *Axon*, 598 U.S. at 191 ("being

subjected to unconstitutional agency authority…a proceeding by an unaccountable ALJ" is a "here-and-now injury.") (cleaned up). La Grange requested the preliminary injunction to pause the proceedings until the court can come to the desired conclusion—that ALJs and Board members are unconstitutionally insulated from removal.

Even if severability were an option at this stage—it is not—severability would not resolve the issues presented by the "for cause" limitation. Defendants suggest that "sever[ing] the second half of the sentence in [5 U.S.C.] ¶ 7521(a) after 'good cause,'" would resolve the constitutional issues plaguing La Grange rendering its Motion for Preliminary Injunction moot. Opp. p. 11. This resolves nothing. Even without the language: "established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board," the "good cause" language remains. ¶ 5 U.S.C. 7521(a). First, the phrase "good cause" leaves in place a barrier between ALJs and the President's removal power. Second, this does not resolve Board Members' removal protections. Without the language following "good cause," ALJs would be removable "by the agency in which the [ALJ] is employed," in other words, the NLRB. *Id.* However, the President may only remove Board members "upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a). As La Grange argued in its Motion—and Defendants ignored in their Opposition—these limitations restrict the President's "unrestricted removal power" guaranteed by Article II. *Seila Law LLC v. CFPB*, 591 U.S. 197, 204 (2020).

Finally, when faced with a severability argument, as the Supreme Court noted in *Free Enter. Fund v. Public Co. Accounting Oversight Bd.,* 561 U.S. 477, 510 (2010), that

9

it could "blue pencil" the statute in a number of different ways, but "such editorial freedom…belongs to the Legislature, not the Judiciary. Congress of course remains free to pursue any of these options going forward."

The Court will not issue a final judgment for some time. The purpose of a preliminary injunction is to maintain the status quo in the time it takes the Court to come to a final judgment. Severance will resolve nothing in the meantime.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court enter a preliminary injunction in its favor and stay the underlying administrative proceeding against them.

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

/s/Amber M. Rogers
Amber M. Rogers, Attorney in Charge
Texas Bar No. 1607746
arogers@HuntonAK.com
Rachel E. Roney, Counsel
Texas Bar No. 24136196
rroney@HuntonAK.com
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
(T): 214-979-3000
(F): 214-880-0011

**ATTORNEYS FOR ENERGY TRANSFER LP and LA GRANGE ACQUISITION, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was electronically filed through the court's e-filing system on all Parties on this 16th day of July 2024.

                                                */s/Amber M. Rogers*
                                                Amber M. Rogers

117007.0000017 DMS 307485434v3