United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

### GALVESTON DIVISION

No. 3:24-cv-198

ENERGY TRANSFER, LP, *ET AL.*, PLAINTIFFS,

v.

NATIONAL LABOR RELATIONS BOARD, *ET AL.*, DEFENDANTS.

### MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is the plaintiffs' motion for a preliminary injunction to halt an ongoing administrative proceeding before the National Labor Relations Board ("NLRB"). Dkt. 21. The court will grant the motion.

## I.   Background

### A. The NLRB

The NLRB was created to help resolve "industrial disputes arising out of differences as to wages, hours, or other working conditions." 29 U.S.C. § 151. One of the "key functions" of the NLRB is to adjudicate allegations that employers have engaged in "unfair labor practice[s]." Dkt.

32 at 9 (citing 29 U.S.C. § 160). If the NLRB finds merit in an unfair-labor-practice allegation, it issues a complaint. *Id.* And, in most cases, the complaint is accompanied by a notice of hearing before an administrative law judge ("ALJ"). *Id.*

The NLRB's ALJs are appointed by the five-member NLRB. 29 U.S.C. §§ 153–54. Removal of an ALJ is a two-step process: (1) the NLRB members must bring an action to remove an ALJ; and (2) the Merit Systems Protection Board ("MSPB"), an independent federal agency, must determine that good cause for ALJ removal exists. Dkt. 32 at 11–12 (citing 5 U.S.C. § 7521(a)). In turn, members of the MSPB may be removed only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

### B. La Grange and the NLRB

Energy Transfer owns and operates various energy assets across the United States. Dkt. 21 at 3. La Grange Acquisition is an indirect subsidiary of Energy Transfer. *Id.*

In November 2022, a La Grange operator filed an unfair-labor-practice charge with the NLRB alleging that La Grange had retaliated against him for engaging in protected labor activity. *Id.* at 4. La Grange submitted evidence and various position statements in response to the allegations. *Id.* On March 7, 2024, an NLRB regional director issued a complaint and notice of hearing

to La Grange. *Id.* The hearing is set to take place on October 29, 2024. Dkt. 44.[1]

La Grange alleges that four aspects of the impending administrative procedure are unconstitutional: (1) the NLRB members are improperly insulated from removal; (2) the NLRB's ALJs are improperly insulated from removal; (3) the NLRB's adjudication of private rights and legal relief violates the Seventh Amendment; and (4) the NLRB's structure violates separation-of-powers principles. *Id.* at 2.

La Grange seeks a preliminary injunction to halt the impending administrative proceeding. *Id.* The NLRB responded to the motion, and the court held a preliminary-injunction hearing on July 16. Dkt. 32, Minute Entry July 16, 2024.

## II.  Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] The administrative hearing was originally set for July 30 but was reset after this court's preliminary-injunction hearing. Dkt. 44.

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The moving party bears the burden of proving each element. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

## III. Analysis

La Grange makes four separate arguments regarding the constitutionality of the NLRB's structure. Dkt. 21 at 2. But as the court finds that La Grange is entitled to the requested relief based on the ALJ-removal argument alone, the court will not address the remaining arguments.

### A. Likelihood of Success on the Merits

#### 1. *Jarkesy* and Unconstitutional Removal Protections

La Grange asserts that the two layers of for-cause removal protections afforded to NLRB ALJs prevent the President from fully exercising his authority under Article II of the Constitution. Dkt. 21 at 9. And, as the Fifth Circuit recently held nearly identical provisions in another statute to be unconstitutional, La Grange argues the court must do the same in this case. *Id.* The court agrees.

In *Jarkesy v. Securities & Exchange Commission*, 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, 144 S. Ct. 2117 (2024), the Fifth Circuit held that the statutory removal protections for Securities and Exchange

Commission ("SEC") ALJs were unconstitutional.[2] Federal statutes afford SEC ALJs two layers of for-cause removal protection. *Id.* at 463. First, SEC ALJs are removable only "for good cause" as determined by the MSPB. 5 U.S.C. § 7521(a). Second, MSPB members themselves are only removable for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). So, "if the President wanted an SEC ALJ to be removed, at least two layers of for-cause protection stand in the President's way." *Jarkesy*, 34 F.4th at 465. Applying Supreme Court precedent, the Fifth Circuit concluded that those removal restrictions are unconstitutional. *Id.*

The same holds true here. The removal provisions that protect NLRB ALJs are indistinguishable from those that protect SEC ALJs. *See* Dkt. 21 at 9. Indeed, the NLRB has offered no distinction between the removal

---

[2] *Jarkesy* also held that the SEC proceedings violated the plaintiff's Seventh Amendment right to a jury trial. The Supreme Court granted certiorari, but as the "jury trial question resolve[d] [the] case," the Court did "not reach the nondelegation or removal issues." *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024). Therefore, this court remains bound by the Fifth Circuit's removal-protection determinations in *Jarkesy*. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue."); *see also Space Expl. Techs. Corp., v. NLRB*, No. 6:24-cv-203, Dkt. 41 at n.1 (W.D. Tex. July 23, 2024) (hereinafter *SpaceX*) (concluding that *Jarkesy* is binding Fifth Circuit precedent on removal issue).

protections at issue and those held to be unconstitutional in *Jarkesy*.³ Dkt. 32 at 26; *see also* Dkt. 39 at 24:23–24:25 (injunction-hearing transcript) (conceding *Jarkesy* "likely decides this issue as far as the merits go"). In light of this precedent, La Grange will likely show that the removal protections afforded to NLRB ALJs are unconstitutional. *See SpaceX*, No. 6:24-cv-203, Dkt. 41 at 7. So La Grange will likely succeed on the merits.

### 2. *Collins* and Causal Harm

The NLRB insists that even if the challenged removal restrictions are unconstitutional, *Collins v. Yellen*, 594 U.S. 220 (2021), compels La Grange to show something it has not shown: that the President has sought to remove the ALJ assigned to this case. Dkt. 32 at 17. La Grange responds that *Collins* flatly "does not apply." Dkt. 35 at 7. Not surprisingly, however, the true import of *Collins* falls somewhere between the parties' opposing all-or-nothing positions.

In *Collins*, the Court examined a constitutional challenge to the statutory restrictions on the removal of the director of the Federal Housing Finance Agency ("FHFA"). *Collins*, 594 U.S. at 250. While the Supreme Court held that the challenged removal restrictions were indeed unconstitutional,

---

³ The NLRB merely notes "its disagreement with the Fifth Circuit's decision, and preserves this argument for future stages of this case." Dkt. 32 at 26.

it nevertheless denied the plaintiff's claim for relief for failure to show that the removal provision "inflict[ed] compensable harm." *Id.* at 259. The Fifth Circuit has since held that "after *Collins*, a party challenging agency action must show not only that the removal restriction transgresses the Constitution's separation of powers but also that the unconstitutional provision caused (or would cause) them harm." *Collins v. Dep't of the Treasury*, 83 F.4th 970, 982 (5th Cir. 2023).

In other words, the "key inquiry" under *Collins* is whether the challenged constitutional infirmity "cause[d] harm to the challenging party." *Calcutt v. Fed. Deposit Ins. Corp.*, 37 F.4th 293, 317 (6th Cir. 2022); *accord Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau* ("*CFSA*"), 51 F.4th 616, 631 (5th Cir. 2022) (noting the *Collins's* inquiry's focus on whether a harm occurred).

In most removal-restriction cases, a plaintiff seeks to invalidate an action that an unconstitutionally insulated official has already taken. For example, the plaintiffs in *Collins* sought to invalidate an amendment to a stock purchasing agreement made by the FHFA Director. *Collins*, 594 U.S. at 259. The "harm," in such a case, is being subjected to a specific rule or decision implemented by an unconstitutionally protected official.

La Grange, in contrast, faces a fundamentally different injury. La Grange's feared harm is not the threat of being subjected to a particular "challenged action." After all, the insulated actor, the NLRB ALJ, has yet to take any action whatsoever. Instead, the harm La Grange seeks to avoid is "being subjected to unconstitutional agency authority—a proceeding before an unaccountable ALJ." Dkt. 21 at 16 (quoting *Axon Enter., Inc. v. FTC,* 598 U.S. 175, 191 (2023)). La Grange maintains that simply having to appear before an unaccountable ALJ is injury enough. *See* Dkt. 35 at 8.[4]

The Fifth Circuit recognized this distinction in *Cochran v. Securities & Exchange Commission,* 20 F.4th 194 (5th Cir. 2021). Cochran, like La Grange, sought to stop an administrative enforcement proceeding in its tracks. *Id.* at 198. In examining Cochran's harm, the court noted that *Collins* did not control "because Cochran does not seek to 'void' the acts of any SEC official. Rather, she seeks an administrative adjudication untainted by

---

[4] The NLRB cites two cases in which courts denied injunctive relief based on *Collins*'s causal-harm requirement, but in neither case did the plaintiff allege the injury La Grange advances here. Dkt. 38 at 6. Both cases the NLRB cites identify the harm facing the plaintiffs as the potential, future action of an improperly insulated actor. *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 757 (10th Cir. 2024) (describing the harm of removal protections to be the risk that such protections "will impact" future actions taken by the agency); *Burgess v. Fed. Deposit Ins. Corp.*, 639 F. Supp. 3d 732, 747 (N.D. Tex. 2022) (same). But neither case analyzes or even acknowledges the harm alleged here—of simply being made to participate in an unconstitutional proceeding.

separation-of-powers violations." *Id.* at 210 n. 16. This harm, the harm of being subject to a constitutionally defective adjudication, was "sufficiently serious to justify pre-enforcement review in federal court." *Id.*

The same holds true for La Grange, which seeks to avoid the injury of "being compelled to participate in an invalid administrative process." *Consumers' Rsch. v. Consumer Prod. Safety Comm'n,* 91 F.4th 342, 349 (5th Cir. 2024) (citation omitted). That harm is both directly caused by the unconstitutional removal provisions and directly redressed by the requested relief. *Id.* at 351 ("'[W]hen a removal provision violates the separation of powers,' the violation 'inflicts a "here-and-now" injury that can be remedied by a court.'" (alterations omitted) (quoting *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 212 (2020)).

In sum, *Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff. For removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied. La Grange's alleged injury is having to participate in a constitutionally defective administrative process. And it's the removal provisions that create the constitutional defect.

### 3. Severability

Finally, the NLRB asserts that rather than enjoining the proceedings, a more appropriate remedy would be to sever any offending removal provisions from the statute by declaring them unconstitutional. Dkt. 32 at 19. But such a "remedy" would not provide La Grange any relief from the impending harm it is set to experience on October 29 because such a declaration would not take place until final judgment. So, while severing the removal provisions may eventually be the proper remedy on the merits, its potential availability has no bearing on La Grange's right to preliminary relief. *See SpaceX,* No. 6:24-cv-203, Dkt. 41 at 10 ("[U]ntil we have reached [the merits] –which we have not–consideration of severance is premature.").

## B. Irreparable Harm

A harm is irreparable "if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Once again, La Grange's alleged harm is "being subjected to" "a proceeding by an unaccountable ALJ." *Axon*, 598 U.S. at 191. In other words, the injury is "subjection to an illegitimate proceeding, led by an illegitimate decisionmaker.*" Id*. While the Supreme Court acknowledged in *Axon* that such an injury is "a bit abstract," it is nevertheless "a here-and-now injury." *Id*. And any remedy crafted after such a proceeding would be

"too late to be meaningful" as "[a] proceeding that has already happened cannot be undone." *Id.*

The NLRB repeatedly insists that because *Axon* did not address injunctive relief directly, it "does not bear on the question of irreparable harm." Dkt. 32 at 24; *see also* Dkt. 36 at 3. The NLRB is correct that *Axon* examined injury for jurisdictional purposes and not in the injunction context, but the Court's conclusion stands. The harm of "being subjected to" "a proceeding by an unaccountable ALJ" is an injury that "cannot be undone." *Axon*, 598 U.S. at 191. And a harm that "cannot be undone" is by definition irreparable. *See SpaceX v. Bell*, 2023 WL 8885128, at *2 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can show that . . . ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *See SpaceX,* No. 6:24-cv-203, Dkt. 41 at 13–14 (citing *Axon* and concluding that "being subjected to the authority of the unaccountable NLRB Members would also cause irreparable harm to SpaceX.").

La Grange faces irreparable harm absent an injunction.

### C. The Remaining Factors

The third and fourth factors of the preliminary-injunction analysis—harm to others and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The public-interest factor weighs in favor of La Grange as there is "no public interest in the perpetuation of unlawful agency action." *Texas v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021). And it is not in the public's interest for the Executive Branch to "slip from the Executive's control, and thus from that of the people," *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 499 (2010).

The balance of equities also favors La Grange. The Government fears an injunction would render the National Labor Relations Act ("NLRA") effectively toothless as the NLRB's procedures are "the sole mechanism for enforcing the NLRA." Dkt. 32 at 38; *see also* Dkt. 39 at 28:23–28:25 ("The practical effect of an injunction in a proceeding like this is that it stops all Board proceedings potentially in their tracks."). But whatever effect this injunction has, it is directed only at the parties to this action, and is only temporary. If, for example, either this court or another ultimately severs any unconstitutional aspects of the NLRB's statutory structure, the NLRB may

then continue with the here-enjoined administrative proceeding. The NLRB's equitable concerns do not outweigh those of La Grange.

*   *   *

For the reasons stated above, La Grange's motion for preliminary injunction is granted. Dkt. 21. The underlying NLRB administrative proceeding against La Grange is enjoined until the court issues a final judgment in this case.

Signed on Galveston Island this 29th day of July, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE