

**UNITED STATES GOVERNMENT**

**NATIONAL LABOR RELATIONS BOARD**

**OFFICE OF THE GENERAL COUNSEL**

Washington, D.C. 20003

August 5, 2026

**BY CM/ECF TO ALL PARTIES**
The Honorable Judge Jeffrey V. Brown
United States Post Office and Courthouse
601 Rosenberg Street
Galveston, TX 77550

> Re:   *Energy Transfer LP v. NLRB*,
>        Case No. 3:24-cv-00198

Dear Judge Brown:

Defendants National Labor Relations Board et al. (NLRB), respectfully submit as supplemental authority the recent Memorandum Opinion and Order issued by the United States District Court for the Eastern District of Texas in *Aimbridge Employee Service Corp. v. NLRB*, No. 4:25-cv-1014, 2026 WL 2151345 (E.D. Tex. July 27, 2026) (Mazzant, C.J.). The opinion directly addresses the severability of removal restrictions for NLRB Board members under the National Labor Relations Act (NLRA), 29 U.S.C. § 153(a), and for NLRB administrative law judges (ALJs) under the Administrative Procedure Act (APA), 5 U.S.C. § 7521(a). It also addresses the propriety of permanent injunctive relief on these claims.

The court concluded that both provisions are indeed severable. In light of the "strong presumption of severability" established by controlling precedent, the court determined that "the surviving provisions . . . are capable of functioning independently" and there were no contrary indications in the relevant statutory text or historical context. *Aimbridge*, 2026 WL 2151345, at *10. The court further concluded that the remaining statutory frameworks would function "in a *manner* consistent with the intent of Congress." *Id.* (quoting *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 685 (1987)). Among other things, the court relied on the NLRA's express separability provision, 29 U.S.C. §

The Honorable Judge Jeffrey V. Brown
August 5, 2026
Page 2

166, and noted that "the NLRB has previously functioned without the relevant ALJ removal protection," because the NLRA preceded the enactment of those protections. *Aimbridge*, 2026 WL 2151345, at *10.

The court disagreed with the severance reasoning in *Aunt Bertha v. NLRB*, No. 4:24-CV-00798-P, 2026 WL 1365028, (N.D. Tex. May 15, 2026), upon which Energy Transfer relies (Dkt. 78). Specifically, *Aimbridge* rejected the premise that the provisions cannot be severed because of "stacked" or "layered" removal restrictions and that severance would not remedy the alleged injury. *Aimbridge*, 2026 WL 2151345, at *9. The court noted that "when multiple provisions of law combine to cause a constitutional injury, the [Supreme] Court's current approach allows the Court to decide which provision to sever." *Id.* (citing *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 260 (2020) (Thomas, J., concurring in part and dissenting in part)).

Further, unlike *Aunt Bertha*, the *Aimbridge* court declined to grant permanent injunctive relief on the removability claims. The court held that severing the challenged removal restrictions would remedy the constitutional injury identified by the Fifth Circuit in *Space Exploration Technologies Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025). *Aimbridge*, 2026 WL 2151345, at *8. As a result, "[s]everance has rendered injunctive relief moot," and the challenger's "request for a permanent injunction [was] denied." *Id.* at *13.

The NLRB respectfully requests that the Court consider and follow *Aimbridge*'s persuasive reasoning in resolving the parties' pending motions for summary judgment (Dkts. 21 & 71).

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

Kevin P. Flanagan
*Deputy Assistant General Counsel*

Michael S. Dale
*Supervisory Attorney*

The Honorable Judge Jeffrey V. Brown
August 5, 2026
Page 3

David P. Boehm
*Senior Trial Attorney*

Phillip H. Melton
*Attorney*

s/ Grace L. Pezzella
Grace L. Pezzella
*Attorney*
MA Bar No. 709601 – *Pro hac vice*
Tel: (202) 273-0247
Email: grace.pezzella@nlrb.gov
*Signed with permission of the Attorney-in-charge*

s/ Dalford Dean Owens, Jr.
Dalford Dean Owens, Jr.
*Supervisory Attorney*
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Tel: (202) 273-2934
Email: dean.owens@nlrb.gov
*Attorney-in-charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Facsimile: (202) 273-4244